IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **KEVIN MICHAEL THIBERT,** | 3:10-CV-06304-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **MICHAEL J. ASTRUE,**<br>Commissioner of Social<br>Security, | |
| Defendant. | |

**KATHRYN TASSINARI**
**DREW L. JOHNSON**
Harder, Wells, Baron & Manning, P.C.
474 Willamette
Suite 200
Eugene, OR 97401
(541) 686-1969

       Attorneys for Plaintiff

1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

**DAVID MORADO**
Regional Chief Counsel
**BENJAMIN J. GROEBNER**
Special Assistant United States Attorneys
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104
(206) 615-2113

      Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Kevin Michael Thibert seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA).  The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

## ADMINISTRATIVE HISTORY

Plaintiff filed an application for DIB on August 20, 2008, alleging a disability onset date of January 23, 2008. Tr. 102-05.[1] The application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on March 18, 2010. Tr. 27-66. At the hearing, Plaintiff was represented by an attorney. Plaintiff, a lay witness, and a vocational expert (VE) testified.

The ALJ issued a decision on April 9, 2010, in which she found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 8-24. Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on July 28, 2010, when the Appeals Council denied Plaintiff's request for review.

## BACKGROUND

Plaintiff was born on October 22, 1957, and was 52 years old at the time of the hearing. Tr. 119. Plaintiff has a high-school education and has taken some college courses. Tr. 31. Plaintiff has past relevant work experience as a driver, customer-service representative, and telephone solicitor. Tr. 18.

---

[1] Citations to the official transcript of record filed by the Commissioner on March 17, 2011, are referred to as "Tr."

3 - OPINION AND ORDER

Plaintiff alleges disability due to frontal lobe brain damage and chronic back pain. Tr. 67-68, 102-05, 124.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 17-18.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means more than a mere scintilla, but less than a

preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Robbins*, 466 F.3d at 882. The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

I.  **The Regulatory Sequential Evaluation**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the

5 - OPINION AND ORDER

Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. § 404.1520(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's Residual Functional Capacity [RFC]. The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e). *See also* Soc. Sec. Ruling (SSR) 96-8p. A "'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other

words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(v). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R.

7 - OPINION AND ORDER

§ 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since his January 23, 2008, alleged onset date.  Tr. 13.

At Step Two, the ALJ found Plaintiff has the severe impairments of "cognitive disorder, not otherwise specified"; generalized anxiety disorder; "depressive disorder, not otherwise specified"; and "status post cervical strain."  Tr. 13.  The ALJ found Plaintiff's alleged impairments of mild cervical-spine degenerative disc disease and left-ankle pain are nonsevere. Tr. 13.

At Step Three, the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 13.  The ALJ found Plaintiff has the RFC to perform medium work, to stand for six hours in an eight-hour work day, and to sit for two hours in an eight-hour work day.  Tr. 18.  The ALJ found Plaintiff should "have no public contact and only limited co-worker contact."  Tr. 18.

At Step Four, the ALJ found Plaintiff is incapable of performing his past relevant work.  Tr. 18.

At Step Five, the ALJ found Plaintiff can perform jobs that

8 - OPINION AND ORDER

exist in significant numbers in the national economy.

Tr. 19.  Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred by (1) improperly rejecting Plaintiff's testimony, (2) improperly rejecting lay-witness testimony, (3) improperly rejecting the opinions of examining and reviewing physicians, and (4) improperly concluding Plaintiff could perform other work in the national economy.

### I.   Plaintiff's testimony.

Plaintiff contends the ALJ erred when she improperly rejected Plaintiff's testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if she provides clear and

9 - OPINION AND ORDER

convincing reasons for doing so. *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). General assertions that the claimant's testimony is not credible are insufficient. *Id*. The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are generally not credible to the extent they are inconsistent with the above [RFC]." Tr. 17.

The ALJ noted Plaintiff "has not engaged in recent medical treatment" nor sought mental-health treatment or counseling. Tr. 16. The record, however, reflects Plaintiff has not received "recent medical care" because he does not have insurance and cannot afford medical or mental-health treatment. The Ninth Circuit has made clear that a claimant's failure to obtain medical treatment cannot be a basis for discrediting his testimony when the claimant cannot afford such treatment. *See Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995).

The ALJ noted Plaintiff participates in dancing to "classic rock" with his wife and walks his dog. The record, however, reflects Plaintiff merely walks his dog into his backyard and his

dancing involves mainly "hang[ing] onto" his wife and moving slowly.  Tr. 43-44.

The Court concludes on this record that the ALJ erred when she rejected Plaintiff's testimony as to the intensity, persistence, and limiting effects of his symptoms because the ALJ did not provide legally sufficient reasons supported by the record for doing so.

**II. Lay-witness testimony.**

Plaintiff contends the ALJ erred when she rejected the September 2008 lay-witness statement of Ellen Thibert and the July 2008 statement of Deborah Lindemon, M.S.

Lay testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless she "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."  *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).  *See also Merrill ex rel. Merrill v. Apfel*, 224 F.3d 1083, 1085 (9th Cir. 2000)("[A]n ALJ, in determining a claimant's disability, must give full consideration to the testimony of friends and family members.").

**A.   Ellen Thibert**

Ellen Thibert reported in her September 2008 statement that Plaintiff is mentally and emotionally abusive when he is "stressed, bored or anxious."  Tr. 146.  Ellen Thibert also noted Plaintiff gets stressed and anxious quickly and has a short

11 - OPINION AND ORDER

temper.  In addition, Plaintiff is very confrontational and "blows up if he feels patronized, disrespected or does not agree."  Tr. 147.

The ALJ accepted Ellen Thibert's statements, but she concluded they "do not provide sufficient support to alter the residual functional capacity."  Tr. 17.  Plaintiff, in turn, contends the ALJ erred when she considered Ellen Thibert's statements because the ALJ did not address Plaintiff's ability to respond appropriately to supervisors and did not include that limitation in Plaintiff's RFC.  The record, however, does not reflect that Ellen Thibert made any statement as to Plaintiff's ability or inability to respond to supervision.

Accordingly, the Court concludes the ALJ did not err in her consideration and acceptance of Ellen Thibert's statements and that the ALJ included in her evaluation of Plaintiff's RFC the limitations noted by Ellen Thibert in her statements.

**B.   Debra Lindemon**

Plaintiff asserts the ALJ erred when she failed to address the July 2008 statements of Debra Lindemon to whom Plaintiff was referred for vocational assistance.  Lindemon noted Plaintiff "did not appear to have good boundaries, . . . [and although he] appears aware of the fact that his behaviors have caused problems at work in the past[, . . . he] does not appear to be aware of when he is being inappropriate."  Tr. 294.

12 - OPINION AND ORDER

Lindemon noted it was "doubtful that [Plaintiff] really views his behavior as needing to be changed." Tr. 295. Lindemon concluded Plaintiff's "lack of boundaries, speaking out of turn, racial and gender slurs, difficulty with keeping on task, limited transferable skills, and reports of chronic back pain is [*sic*] not commensurate with competitive employment." Tr. 295.

The ALJ did not address Lindemon's statements. As noted, the ALJ must consider lay testimony unless she "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." An ALJ's failure to address lay-witness testimony is harmless error when a court can "confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Comm'r, Social Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). On this record, however, the Court cannot "confidently conclude" that no reasonable ALJ who fully credited Lindemon's statement could have reached a different disability determination. Accordingly, the Court concludes the ALJ's error was not harmless.

The Court concludes on this record that the ALJ erred when she failed to address Lindemon's statements without providing legally sufficient reasons supported by the record for doing so.

13 - OPINION AND ORDER

**III. Medical opinion testimony.**

Plaintiff contends the ALJ erred when she improperly rejected the opinions of Julie Redner, Ph.D., examining psychologist; Paul Rethinger, Ph.D., reviewing psychologist; and William Mayhall, M.D., examining orthopedist.

An ALJ may reject an examining physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."  *Thomas v. Barnart,* 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  When the medical opinion of an examining physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester v. Chater*, 81 F.3d at 830-32.

A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record.  *Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600 (9th Cir. 1999).

**A.   Dr. Redner.**

On May 2 and 19, 2008, Dr. Redner conducted a neuropsychological evaluation of Plaintiff for vocational rehabilitation purposes.  Dr. Redner found Plaintiff "appeared socially confident and comfortable," but he "tended not to filter

14 - OPINION AND ORDER

what he said, was very opinionated, was very talkative, easily got off track, and tended to disclose a great deal of personal information." Tr. 225. Dr. Redner noted Plaintiff understood instructions and "maintained good interest and effort." Tr. 225. In addition, although he was "challenged by difficult test items[,] . . . he appeared appropriately persistent on the tasks requested of him." Tr. 225. Dr. Redner concluded Plaintiff "could benefit from the services of a job coach . . . to help him navigate interpersonal issues [that] may arise out of his disinhibition." Tr. 230. Dr. Redner also recommended "calm provision of gentle, clear, accurate feedback." Tr. 230.

        The ALJ noted Dr. Redner did not "assign any specific functional limitations associated with [Plaintiff's] mental impairments, . . . [but she] nonetheless noted that [Plaintiff] has had interpersonal difficulties at work and that he has problems controlling his anger." Tr. 17. The ALJ concluded her evaluation of Plaintiff's RFC accommodated Dr. Redner's findings because the ALJ precluded contact with the public and limited contact with co-workers.

        Plaintiff asserts the ALJ erred because she failed to include any limitations on interactions with supervisors. The record, however, does not reflect that Dr. Redner gave an opinion as to Plaintiff's limitations in that regard.

        The Court concludes on this record that the ALJ did not

err when she concluded her evaluation of Plaintiff's RFC included the limitations set out by Dr. Redner because she provided legally sufficient reasons supported by the record for doing so.

**B.   Dr. Rethinger**.

On December 16, 2008, Dr. Rethinger completed a Psychiatric Review Technique (PRT) and a Mental Residual Functional Capacity Assessment (MRFC) in which he opined Plaintiff suffered from moderate difficulties in the ability (1) to understand and to remember detailed instructions, (2) to carry out detailed instructions, (3) to maintain attention and concentration for extended periods, (4) to work in coordination with or proximity to others without being distracted by them, (5) to interact appropriately with the general public, (6) to get along with coworkers or peers without distracting them or exhibiting behavioral extremes, and (7) to accept instructions and to respond appropriately to criticism from supervisors.

Plaintiff contends the ALJ erred when she gave "great weight" to Dr. Rethinger's opinion, but failed to include any limitation in Plaintiff's RFC related to Plaintiff's ability to accept instructions and to respond appropriately to criticism from supervisors.

On this record the Court concludes the ALJ erred when she gave great weight to Dr. Rethinger's opinion, but failed to include in the evaluation of Plaintiff's RFC any limitation on

16 - OPINION AND ORDER

his ability to accept instructions and criticism from supervisors without providing a legally sufficient reason supported by the record for doing so.

**C.   Dr. Mayhall**

On June 26, 2008, Dr. Mayhall conducted an examination of Plaintiff in connection with his worker's compensation claim. Dr. Mayhall noted Plaintiff did not have any "visible atrophy of the upper or lower extremities" and had "5/5" strength in his upper and lower extremities.  Tr. 237.  Dr. Mayhall concluded "objective muscle testing . . . indicates no loss of strength," and he could not "state [Plaintiff] is significantly limited in the ability to repetitively use the cervical spine due to a chronic and permanent condition arising out of" cervical strain from Plaintiff's January 23, 2008, automobile accident.  Tr. 238. Nevertheless, Dr. Mayhall noted cervical spine x-rays showed Plaintiff had mild disc degeneration and a reduced range of motion in his cervical spine.  Tr. 225, 227.

The ALJ gave "great weight" to Dr. Mayhall's opinion. The ALJ noted specifically that Dr. Mayhall did not assign any specific functional limitations to Plaintiff and "did not believe that [Plaintiff] has significant limitations in the ability to repetitively use his cervical spine."  Tr. 17.

Plaintiff contends the ALJ erred because she mischaracterized Dr. Mayhall's finding regarding Plaintiff's

17 - OPINION AND ORDER

alleged impairment of his cervical spine.  Specifically, the ALJ stated Dr. Mayhall did not believe that Plaintiff has significant limitations in his ability to repetitively use his cervical spine when, in fact, Dr. Mayhall opined only that Plaintiff's limitations in his ability to repetitively use his cervical spine were not related to the cervical strain resulting from the January 2008 automobile accident.

The Court concludes on this record that the ALJ erred by incorrectly interpreting DR. Mayhall's opinion regarding Plaintiff's cervical-spine limitations and, as a result, did not properly weigh Dr. Mayhall's opinion when the ALJ evaluated Plaintiff's RFC.

**IV.  Step Five.**

Plaintiff contends the ALJ erred at Step Five when she concluded Plaintiff could perform other work existing in the national economy because the ALJ failed to include in her assessment of Plaintiff's RFC the limitations set out by Plaintiff, the lay-witnesses, and Plaintiff's examining and reviewing physicians.

Because the Court has concluded the ALJ erred when she improperly rejected Plaintiff's testimony, improperly rejected the testimony of lay-witness Lindemon, improperly failed to include that portion of Dr. Rethinger's opinion related to Plaintiff's inability to appropriately interact with supervisors,

and incorrectly interpreted Dr. Mayhall's opinion, the Court also concludes the ALJ did not pose a sufficient hypothetical to the VE. Thus, the VE could not give an appropriate opinion as to whether Plaintiff could perform other work in the national economy.

## REMAND

The Court must determine whether to remand this matter for further proceedings or to remand for calculation of benefits.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Id.* at 1179. The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

19 - OPINION AND ORDER

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

It is unclear from this record whether the ALJ would be required to find that Plaintiff is disabled if his testimony, the lay-witness statements of Lindemon, and the opinion of Dr. Rethinger were credited. In addition, the effect of the incorrect analysis of Dr. Mayhall's opinion is unclear. The Court, therefore, concludes further proceedings are necessary and, accordingly, remands this matter.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 6th day of December, 2011.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge